UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JILL SANDEFUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:14-cv-00175-RLY-WGH |
| ) | |
| IRON WORKERS ST. LOUIS DISTRICT ) | |
| COUNCIL PENSION FUND, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Jill Sandefur alleges Defendant Iron Workers St. Louis District Council Pension Fund ("Iron Workers") violated the Employee Retirement Income Security Act ("ERISA") and committed fraud when Iron Workers refused to provide her with retirement benefits. Iron Workers moves to dismiss the Complaint for failure to state a cause of action upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Iron Workers' motion is **GRANTED in part** and **DENIED in part**.

**I.     Background**

Jill Sandefur married Larry Sandefur, a participant in Iron Workers St. Louis District Council Pensions Trust, on January 27, 2000. (Complaint ¶¶ 10, 11). Mr. Sandefur retired on or around September 1, 2000, and passed away on February 8, 2006. (*Id.* ¶¶ 12, 13).

1

Sandefur filed a benefits claim with Iron Workers following her husband's death. (*Id.* ¶ 14.) Iron Workers denied her claim, ruling on the basis that Sandefur did not constitute a "Qualified Spouse." *Id.* The Pension Plan notes that a Qualified Spouse may claim pension "if the Participant and the Spouse became married within the year immediately preceding the date the Participant's pension payments start and they were married for at least a year before his death." (Exhibit A, Filing No. 18, at ECF p. 47).

Sandefur subsequently made multiple requests for full copies of the Pension Plan but claims Iron Workers sent prepared summaries instead. (Complaint ¶ 20.) Additionally, Iron Workers alleges that Sandefur signed a Rejection of the Husband and Wife Option in August of 2000, thereby waiving her future rights to her husband's pension. (*Id.* ¶ 17.) Sandefur contends that this document contains her forged signature. (*Id.* ¶ 18.)

Sandefur filed this lawsuit on December 30, 2014. (*Id.* ¶ 1.) In her Complaint, she alleges that Iron Workers violated ERISA by not giving her adequate notice in writing for denying her claims, that she is entitled to lost benefits with interest, compensatory and punitive damages, and attorney fees. (Requested Relief, Filing No. 1 at 6.) In response, Iron Workers filed a motion to dismiss the Complaint.

## II.    Standard of Review

A defendant may move for dismissal when the plaintiff's pleading fails to state a claim upon which relief can be granted. Fed R. Civ. P. 12(b)(6). Courts accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff in reviewing Rule 12(b)(6) motions. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th

Cir. 2012). However, "mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's obligation to support his claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007). Courts should not dismiss complaints simply because there is doubt as to whether the plaintiff can prove all factual allegations. *Id.* at 556. Rather, complaints must contain enough facts "to raise a reasonable expectation that discovery will reveal evidence." *Id.*

## III. Discussion

### A. ERISA Violation Claims

Iron Workers moves to dismiss the ERISA violation claims under multiple theories. First, Iron Workers asserts that the Complaint fails to satisfy Rule 8 of the Federal Rules of Civil Procedure. Next, it argues that the claims are barred by the statute of limitations and the limitations period contained in the Plan. Iron Workers then argues that the claims are barred because she failed to exhaust her administrative remedies. Finally, Iron Workers argues that relevant case law prohibits Sandefur's forgery claim. The court will discuss each in turn.

#### 1. Does the Complaint Satisfy Rule 8?

Rule 8 requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must be sufficiently plausible such that it shows "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Essentially, "Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

*Walker v. Wells Fargo Bank, N.A.*, Case No. 12 C 3120, 2012 U.S. Dist. LEXIS 125896, at *14 (N.D. Ill. Sept. 5, 2012).

Iron Workers argues that Sandefur's Complaint does not sufficiently meet these standards.  Counts I and II both claim "Violation[s] of ERISA" without indicating the specific provisions of ERISA.  Iron Workers' asserts that the Complaint's allegations are so vague that Iron Workers did not know in its Motion to Dismiss "whether the Plaintiff is seeking relief under Section 502(a)(1)(B) of ERISA, Section 502(a)(3) of ERISA, both, or possibly under another section of ERISA."  (Filing No. 18 at 5.)   Iron Workers further insists that, despite claiming otherwise in her Complaint, Sandefur fails to provide any facts that support her being a Qualified Spouse under ERISA or the Plan.

Iron Workers raised this argument for the first time in its reply brief.  As such, this argument was waived, and the court will not consider it.  *See Gold v. Wolpert*, 876 F.2d 1327, 1331 n. 6 (7th Cir. 1989).  The court will proceed to consider Iron Workers' remaining arguments.

### 2.     Is Sandefur's ERISA claim time barred?

The parties dispute whether the ERISA claim is time barred. ERISA states in pertinent part:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of--
>
> > (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or

> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.

Iron Workers argues that Sandefur's claim is barred because her Complaint alleges that she became aware of the denial in 2006, yet she did not attempt further action until 2013. This seven year period of inactivity would therefore bar her claim from being brought under ERISA. However, the Supreme Court has noted that "a participant's cause of action under ERISA accordingly does not accrue until the plan issues a final denial." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 610 (2013). Whether Iron Workers sent a final denial as required under Section 6.06(2)(C) is unclear from the complaint and from the briefs submitted to the court. The court will thus draw an inference in Sandefur's favor, and presume that she had not received a final notice enabling her claim to accrue. Therefore, at this time, the court finds that Sandefur's ERISA claim is not barred by the statute of limitations.

### 3. Is the claim time barred under the Pension Plan?

Iron Workers also argues that Sandefur's ERISA claim is further barred by the Pension Plan's terms. The Supreme Court has held that plan limitation periods for bringing actions are appropriate as long as the period is reasonable. *Id.* The Plan, submitted by Iron Workers, states that appeals must be filed "within 60 days after receiving notice" of denial. (Exhibit 1, Filing No. 18 at ECF p.57.) Additionally, "no lawsuit . . . may be filed until the matter has been submitted for review under the Claims

and Appeals Procedures." *Id.* at 55. If an appeal is subsequently denied, suits must be brought within 365 days of the appeal's denial. *Id.* at 56. Iron Workers thus claims that Sandefur's failure to follow the Plan's outlined procedures bars her from bringing this action.

In response, Sandefur first argues that the Plan provided by Iron Workers is not admissible and should not govern because it was adopted several years after her husband's death and her initial claim for benefits. Sandefur alleges, and the document actually shows, that several changes have been made over time. Iron Workers does not explain why it attached a more recent version of the Plan or why the court should accept that version as the governing contract between the parties. Because the court cannot determine if this is the controlling document, it will not consider the document at this stage. Therefore, the court cannot conclude that the ERISA claim is barred by the Plan.

### 4. Did Sandefur fail to exhaust her administrative remedies?

Iron Workers additionally argues that Sandefur's ERISA claim is improper because she has not exhausted the required administrative remedies. The Supreme Court has noted that "Courts of Appeals have uniformly required that participants exhaust internal review before bringing a [ERISA] claim for judicial review." *Heimeshoff*, 134 S. Ct. at 610. However, the only Plan available is the 2014 version, which the court found is not controlling. Therefore, the court is unable to determine the administrative process at this time, and thus, cannot determine whether Sandefur failed to exhaust.

### 5. Should Sandefur's forgery claim be accepted?

Finally, Sandefur argues that her lawsuit should continue because of the dispute over the signed Rejection of the Husband and Wife Option document. (Complaint ¶ 18.) However, Iron Workers' has provided the original document which shows that a Notary authorized the signature. (Exhibit 2, Filing No. 18 at ECF p.2.) The Seventh Circuit has held that disputed spousal consent forms signed by spouses and authorized by a Notary are presumed valid. *Butler v. Encyclopedia Britannica*, 41 F.3d 285, 294 (7th Cir. 1994). Therefore, this document is presumed to be authentic. Sandefur's forgery claim should therefore be dismissed for failure to bring a claim on which relief can be granted.

## B. State Claims

Count III of Sandefur's Complaint brings state law claims of fraud and misrepresentation. (Complaint ¶ 37-41.) Sandefur's Complaint alleges that Iron Workers fraudulently misrepresented itself by telling her she was not a qualified spouse under the Pension Plan. *Id.* Iron Workers argues in its Motion to Dismiss that state claims are preempted by ERISA and thus must be dismissed. (Filing No. 18 at 8.) ERISA Section 514 states that "provisions of this subchapter and subchapter III of this chapter shall supersede any and all State law insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Thus under Section 1144, Sandefur's state law claims are preempted by ERISA and the court must dismiss them. *Pohl v. Nat'l Ben. Consultants*, 956 F.2d 126, 127 (7th Cir. 1992) (affirming district court's decision to dismiss claims for breach of fiduciary duty caused by misrepresentation because of ERISA preemption); *Lister v. Stark*, 890 F.2d 941, 945 (7th Cir. 1989) (affirming district

court's decision to dismiss because ERISA preempted fraud claims in which participant alleged he was told he would receive pension credit).

### C.   Compensatory and Punitive Damages

Sandefur seeks extra-contractual compensatory and punitive damages from Iron Workers.  ERISA states that "any person who is a fiduciary with respect to a plan who breaches the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach."  29 U.S.C. § 1109(a).  Under ERISA, compensatory and punitive damages claims can only be brought to benefit the plan itself, not an individual.  *Mass Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985).  Thus, Sandefur cannot recover extra-contractual compensatory damages or punitive damages and the court must dismiss those requests.

### D.   Attorney Fees

Finally, Iron Workers argues that it is entitled to attorney's fees.  "Under ERISA, the court in its discretion may allow a reasonable attorney's fee and cost of action to either party."  *Craig v. Smith*, 597 F.Supp. 2d 814, 829 (S.D. Ind. 2009) (quoting 29 U.S.C. § 1132(g)(1)).  "There is a 'modest presumption' in favor of awarding fees to the prevailing party, but that presumption may be rebutted."  *Sense v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001).  However, fees should not be awarded to a prevailing party if the losing party's position was substantially justified and taken in good faith.  *Id.* (quoting *Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 616-17 & n. 4 (7th Cir. 1995)).  Having concluded that some of Sandefur's

claims should not be dismissed, the court finds that Sandefur acted in good faith and not to simply harass Iron Workers. Therefore, Iron Workers is not entitled to an award of attorney's fees under ERISA.

## IV. Conclusion

The court finds that Sandefur's Complaint satisfies the pleading standard. Furthermore, the ERISA claims are not time barred, and she has exhausted her available remedies. However, her state law fraud claims and her requests for extra-contractual compensatory damages, punitive damages, and Iron Workers' request for attorney's fees are all rejected. Therefore, Iron Worker's Motion to Dismiss (Filing No. 17) is **GRANTED in part** and **DENIED in part**.

**SO ORDERED** this 13th day of July 2015.

                                RICHARD L. YOUNG, CHIEF JUDGE
                                United States District Court
                                Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.